Hon. Robert S. Lasnik

1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT
                                  WESTERN DISTRICT OF WASHINGTON
8                                            AT SEATTLE

9

10   KATELYN KINN,

                          Plaintiff,                    Case No. 2:16-cv-1262-RSL
11
                                                        DEFENDANT QUAKER OATS
          v.                                            COMPANY'S MOTION TO
12                                                      TRANSFER TO THE NORTHERN
     THE QUAKER OATS COMPANY,                           DISTRICT OF ILLINOIS
13
                          Defendant.                    NOTE ON MOTION CALENDAR:
14                                                      SEPTEMBER 16, 2016

15                                                      **ORAL ARGUMENT REQUESTED**

16                                          **INTRODUCTION**

17            This action is the last-filed of six overlapping putative class actions pending in federal

18   court.  All of the class actions allege that the "100% Natural Whole Grain" labels on the same

19   Quaker Oats products are false and misleading for the same reason—the alleged presence of

20   trace amounts of glyphosate, an oat harvesting aid.  The five earlier-filed actions, although

21   initially filed in various district courts across the country, have been transferred to and

22   consolidated in the Northern District of Illinois (where Quaker is located), in the interests of

23   justice and efficiency, before Judge Charles R. Norgle, Sr.  *See Gibson v. Quaker Oats Co.*, No.

24   1:16-cv-04853 (N.D. Ill.), ECF No. 26 (granting motion to consolidate); Exhibits 1, 2, and 3

25   (stipulations to transfer and consolidate).  Plaintiff Kinn is the only hold out.  Quaker requested

26   that Kinn consent to transfer her action to the Northern District of Illinois for consolidation as

27   well, but she declined, despite the fact that her later-filed complaint asserts claims on behalf of

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  the same nationwide class of consumers as the consolidated actions and lifts numerous

2  paragraphs word-for-word from the earlier-filed complaints.

3       Allowing Kinn's action to proceed in this Court while five nearly identical actions are

4  proceeding in coordinated fashion in the Northern District of Illinois would be a significant

5  waste of judicial resources and risk inconsistent rulings on common questions of law and fact at

6  every stage of this case.  Quaker therefore respectfully requests that the Court transfer this case

7  to the Northern District of Illinois pursuant to either the first-to-file rule or 28 U.S.C. § 1404(a).

8  Alternatively, Quaker requests that the Court stay this action during the pendency of the

9  consolidated action proceeding in the Northern District of Illinois.

10  **BACKGROUND**

11       Between April 29, 2016 and May 3, 2016, five plaintiffs filed nearly identical class

12  action complaints against Quaker alleging that "100% Natural Whole Grain" labels on certain

13  Quaker Oats products are false and misleading based on the alleged presence of trace amounts

14  of glyphosate, a harvesting aid commonly used by oat farmers.  Although these cases were

15  originally filed in different courts, including the Southern District of Florida, the Eastern

16  District of New York, and the Northern District of California, they were all subsequently

17  transferred by consent of the parties to the Northern District of Illinois where two of the actions

18  were pending before Judge Norgle.  *See Daly v. Quaker Oats Co.*, No. 1:16-cv-07383 (N.D.

19  Ill.), ECF Nos. 1 ("Daly Compl."), 12 (order granting transfer); *Cooper v. Quaker Oats Co.*,

20  No. 1:16-cv-07217 (N.D. Ill.), ECF Nos. 1 (Cooper Compl.), 16 (order granting transfer);

21  *Jaffee v. Quaker Oats Co.*, No. 1:16-cv-07134 (N.D. Ill.), ECF Nos. 1 (Jaffee Compl.), 12

22  (order granting transfer); *see also Gibson v. Quaker Oats Co.*, No. 1:16-cv-04853 (N.D. Ill.),

23  ECF No. 1 ("Gibson Compl."); *Wheeler v. Quaker Oats Co.*, No. 1:16-cv-05776 (N.D. Ill.),

24  ECF No. 1-1 (Wheeler Compl.), 17 (order reassigning case to Judge Norgle).  Plaintiffs'

25  counsel in these cases were appointed interim class counsel and filed a Consolidated Amended

26  Complaint on August 11, 2016.  *See* Exhibit 4, *Gibson*, No. 1:16-cv-04853, ECF No. 28

27  ("Consolidated Compl.").  No other proceedings have occurred.

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 2

1    On May 4, 2016, Kinn filed her action in Washington state court, largely copying the

2 allegations from these previously filed actions.  *See* Dkt. 1-4 ("Kinn Compl.").  Kinn served

3 Quaker with her complaint on August 1, 2016, and Quaker removed the action to this Court

4 pursuant to the Class Action Fairness Act on August 11, 2016.  Dkt. 1.  Kinn's complaint is

5 virtually identical to the first five filed complaints, lifting many paragraphs verbatim.  Exactly

6 like the other plaintiffs, Kinn alleges that:  (1) the same products—Old Fashioned Quaker Oats

7 and Quick 1-Minute Quaker Oats; (2) contain the same labels including the term "natural";

8 (3) which purportedly "deceived and/or w[ere] likely to deceive the public"; (4) because

9 "quantitative testing" "revealed that Quaker Oats contain glyphosate."  *Compare* Kinn Compl.

10 ¶¶ 4, 5, 66, 79, *with* Consolidated Compl. ¶¶ 4, 5, 72, 85.

11    The similarities do not stop there.  Kinn brings claims for unjust enrichment, negligent

12 misrepresentation, breach of warranty, and violations of Washington's Consumer Protection

13 Act.  Kinn Compl. ¶¶ 134, 137, 147, 156.  The plaintiffs in the other actions raise essentially

14 the same claims, including for unjust enrichment, negligent misrepresentation, breach of

15 warranty, and violations of various other states' consumer protection laws.  *See*, *e.g.*,

16 Consolidated Compl. ¶¶ 140-254.  Kinn also asserts these claims on behalf of the same

17 "nationwide class of Quaker Oats purchasers" during the same period, i.e., "within any

18 applicable limitations period."  Kinn Compl. ¶¶ 3, 121; Consolidated Compl. ¶ 126.  Kinn also

19 seeks the same relief:  declaratory judgment, corrective advertising, restitution, disgorgement,

20 damages and attorneys' fees.  *See* Kinn Compl. at 35; Consolidated Compl. at 52-53.  Yet Kinn

21 refuses to agree to transfer of her case and consolidation with these other substantially identical

22 cases.

23                                    **ARGUMENT**

24    As the Ninth Circuit has long held, "[n]ormally sound judicial administration would

25 indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court

26 which first acquired jurisdiction should try the lawsuit and no purpose would be served by

27 proceeding with a second action."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   Cir. 1982).  Pursuant to this "first to file rule" and/or 28 U.S.C. § 1404(a), Quaker respectfully

2   submits that the Court should transfer this action to the Northern District of Illinois so that it

3   can proceed along with the five indistinguishable actions currently pending there.

4   **A.      Transfer Is Warranted Under The First-To-File Rule.**

5          Under the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits,

6   similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg.*

7   *Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  When multiple actions involve "the

8   same parties and issues," *Pacesetter*, 678 F.2d at 94-95, the rule affords a district court

9   "discretion to transfer, stay, or dismiss" the later-filed action "in the interest of efficiency and

10  judicial economy," *CRU Acquisition Grp., LLC v. Mykey Tech., Inc.*, No. 11-cv-05743, 2012

11  WL 441293, at *1 (W.D. Wash. Feb. 10, 2012).  As this Court has previously recognized, this

12  "rule 'should not be disregarded lightly' because it is designed to promote efficiency." *Elee,*

13  *LLC v. Vino100*, No. C08-1146, 2009 WL 361254, at *1 (W.D. Wash. Feb. 13, 2009) (quoting

14  *Church of Scientology of Cal. v. U.S. Dep't of Defense*, 611 F.2d 738, 750 (9th Cir. 1979)); *see*

15  *also Kohn Law Grp.*, 787 F.3d at 1240 (same).  Departures from the rule are thus warranted

16  "only under limited circumstances." *CRU*, 2012 WL 441293, at *1.

17         Here, Kinn's action involves the same issues and the same parties as five earlier-filed

18  actions that are all currently pending in the Northern District of Illinois.  No exceptional

19  circumstances warrant a departure from the first-to-file rule and transfer of *Kinn* is therefore

20  appropriate.

21         **Chronology:**  There is no dispute about the chronology of the relevant actions here.

22  *Kinn* was the last action to be filed.

23         **Same Issues:**  In order for the first-to-file rule to apply, the issues in the actions "need

24  not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240.  "To determine

25  whether two suits involve substantially similar issues, [the courts] look at whether there is

26  'substantial overlap' between the . . . suits." *Id.* at 1241 (internal citation omitted).  This

27  standard is met where "[b]oth cases arise out of the same nucleus of operative facts." *eNom,*

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  *Inc. v. Philbrick*, No. C08-1288RSL, 2008 WL 4933976, at \*2 (W.D. Wash. Nov. 17, 2008).

2  Here, that standard is easily satisfied as all plaintiffs rely on the same factual

3  allegations.  Specifically, all plaintiffs allege that the same labeling (*e.g.*, "100% Natural Whole

4  Grain") on the same products (Old Fashioned Quaker Oats and Quick 1-Minute Quaker Oats) is

5  false and misleading for the same reason (the products allegedly contain trace amounts of

6  glyphosate).  For example, all of the cases allege that "Defendant aggressively advertises and

7  promotes its oatmeal products as '100% Natural,' and claims its oats are grown using 'eco-

8  friendly' methods that pose 'less risk of pollutants and groundwater pollution.'"  *See*, *e.g.*, Kinn

9  Compl. ¶ 1; Consolidated Compl. ¶ 1.  All allege that "[t]hese claims are false, deceptive, and

10  misleading" because the Quaker Oats products at issue "are not '100% Natural,' but instead

11  contain the chemical glyphosate."  Kinn Compl. ¶ 1; Consolidated Compl. ¶ 1.  Indeed, these

12  cases contain the same factual allegations word-for-word:  "The only ingredient listed on

13  Quaker's '100% Natural Whole Grain' Quaker Oats products is '100% Natural Whole-Grain

14  Quaker Quality Rolled Oats,'" "[n]o reasonable consumer, seeing these representations, would

15  expect Quaker Oats to contain anything unnatural, or anything other than whole, rolled oats,"

16  and "Quaker Oats, despite their labels, do contain something other than whole, rolled oats;

17  namely, Quaker Oats contain glyphosate."  Kinn Compl. ¶¶ 9-11; Consolidated Compl. ¶¶ 9-

18  11; *see also*, *e.g.*, Daly Compl. ¶¶ 9-11; Gibson Compl. ¶¶ 9-11.  It is, therefore, beyond

19  dispute that the suits involve substantially similar issues and arise out of the same nucleus of

20  operative facts.

21  Because "the underlying complained-of conduct is . . . identical," any "slight

22  differences in the claims asserted, do not prevent application of the [first-to-file] rule."  *Walker*

23  *v. Progressive Cas. Ins. Co.*, No. C03-656, 2003 WL 21056704, at \*3 (W.D. Wash. May 9,

24  2003).  It matters not that plaintiffs "seek to apply different state law[s]" as "the differences in

25  the causes of action . . . sought are insufficiently material to prevent application of the first-

26  filed rule."  *Catanese v. Unilever*, 774 F. Supp. 2d 684, 689 (D.N.J. 2011) (transferring to first-

27  filed district case challenging "all natural" labeling on Breyer's Ice Cream).  "Indeed, in a class

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 5

action situation such as this, it would be impossible for the claims to overlap exactly where the actions are brought in different states, and the purpose of the [first-filed] rule would be defeated.  There would be nothing to stop plaintiffs in all 50 states from filing separate nationwide class actions based upon their own state's law." *Id.*; *see also Worthington v. Bayer Healthcare, LLC*, No. 11-cv-3017, 2012 WL 1079716, at \*6 (D.N.J. Mar. 30, 2012) ("Finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule."); *Walker*, 2003 WL 21056704, at \*3 ("Given that the first-to-file rule requires only a substantial similarity between the claims, this slight difference between federal and state law does not prevent application of the rule.").

**Same Parties:**  The parties in the cases are also indisputably the same.  The Defendant, Quaker, is the same in all of the actions, and the cases bring claims on behalf of the same putative nationwide class of purchasers over the same time period.  Moreover, "the first-to-file rule does not require exact identity of the parties," only "substantial similarity." *Kohn*, 787 F.3d at 1240; *Walker*, 2003 WL 21056704, at \*2 ("The parties in the two actions need not be identical for purposes of the first-to-file rule, but there must be similarity or substantial overlap.").  In class actions, courts look to "the classes, and not the class representatives." *Adoma v. Univ. of Phoenix*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010).  The "proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013).  That is *without question* the case here, where Kinn asserts claims on behalf of the same nationwide class of "[a]ll persons who purchased the Products, for personal use, and not for resale" as the consolidated action.  Kinn Compl. ¶ 121.  The actions pending in the Northern District of Illinois also allege a nationwide class, as well as separate sub-classes under the laws of several different states. *See*, *e.g.*, Consolidated Compl. ¶ 126.

Accordingly, transfer of *Kinn* to the Northern District of Illinois is appropriate under the first-to-file rule.

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 6

**B.      Transfer Is Warranted Under 28 U.S.C. § 1404(a).**

Transfer of *Kinn* to the Northern District of Illinois is also appropriate under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of this provision is "to prevent the waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).  Those are the precise reasons why transfer is appropriate here.  As the Supreme Court has long recognized, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

"The statute has two requirements on its face: (1) that the district to which defendan[t] seek[s] to have the action transferred is one in which the action 'might have been brought,' and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice."  *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). Both requirements are satisfied here.

First, Quaker is headquartered in Chicago, Illinois, and the products are sold nationwide, including in Illinois.  As a result, this case could have been brought in the Northern District of Illinois.  *See* Kinn Compl. ¶¶ 29-30.  Second, transfer of this duplicative action is not only convenient for all parties and witnesses; it is also, most importantly, in the interest of justice.

The convenience inquiry under § 1404(a) "requires the court to weigh multiple factors." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (listing factors).  In assessing these factors, it is important to keep in mind that "convenience should not be assessed in a vacuum"; the question is not "whether [Washington] is more convenient than [Illinois] in the abstract but instead whether sanctioning a second, nearly identical action here is more

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    convenient than transferring the case for the purpose of consolidation.  When considered in that

2    light, convenience weighs in favor of transfer."  *Wiley v. Gerber Prods. Co.*, 667 F. Supp. 2d

3    171, 173 (D. Mass. 2009); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1213 (S.D.

4    Cal. 2013) ("[T]he Court cannot simply weigh the benefits and costs of California versus New

5    Jersey as the forum for Plaintiff's case; instead, the question is whether this suit should be

6    consolidated with *In re Gerber* in New Jersey, or whether it should proceed simultaneously—

7    and separately—in California.").

8         "[A]ppearing in a single district [is unquestionably] more convenient" for both Quaker

9    and prospective witnesses "than appearing in two different districts."  *Heartland Payment Sys.,*

10   *Inc. v. Verifone Israel Ltd.*, No. C 10-0654 MHP, 2010 WL 1662478, at *5 (N.D. Cal. Apr. 22,

11   2010) (internal citations omitted).  In fact, litigating Kinn's claims in this Court would only

12   give rise to unnecessary and duplicative proceedings.  Kinn will almost certainly seek to depose

13   the same witnesses and seek discovery of the same documents that will be at issue in the

14   consolidated proceedings before Judge Norgle.  This type of duplication is not convenient for

15   the parties or the witnesses, and it is certainly not in the interests of justice.

16        Given the overlapping nature of the claims and putative class actions, no other

17   convenience factor weighs strongly enough to overcome the need for a transfer here.  "Where

18   the action has little connection with the chosen forum, less deference is accorded plaintiff's

19   choice, even if plaintiff is a resident of the forum."  *Amazon.com*, 404 F. Supp. 2d at 1260.

20   This is particularly true in class actions, where "reduced weight" is given to a "plaintiff's

21   choice of forum . . . as a guard against the dangers of forum shopping."  *Hawkins*, 924 F. Supp.

22   2d at 1214-15; *Doe v. Project Fair Bid Inc.*, No. C11-809 MJP, 2011 WL 3516073, at *5

23   (W.D. Wash. Aug. 11, 2011) ("[W]hen an individual represents a class, the named plaintiff's

24   choice of forum is given less weight.").  Here Kinn seeks to challenge the labeling on products

25   sold to consumers nationwide by a company that resides in Illinois.  Washington, therefore,

26   does not have an overriding interest in adjudicating this case.  Nor is it likely that key non-party

27   witnesses are located within this forum.  *See Amazon.com*, 404 F. Supp. 2d at 1260

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   (considering the location of non-party witnesses).  Finally, any inconvenience to Kinn of

2   litigating in Illinois would be minimal as Quaker is more than willing to agree to depose Kinn

3   in Washington.

4        As this Court has previously recognized, moreover, "[t]he interest of justice factor is the

5   most important of all" and may be "determinative . . . even if the convenience of the parties and

6   witnesses might call for a different result."  *Id.* at 1261 (internal quotation marks omitted).

7   Here, "[t]he pendency of related actions in the transferee forum is a significant factor in

8   considering the interest of justice factor."  *Id.* (quoting *Jolly v. Purdue Pharma L.P.*, 2005 WL

9   2439197, at *2 (S.D. Cal. Sept. 28, 2005)); *Expeditors Int'l of Washington, Inc. v. Logitech Int'l*

10   *S.A.*, No. 2:10-CV-000300-RSM, 2010 WL 1903409, at *4 (W.D. Wash. May 11, 2010)

11   (same).  Indeed, "[t]he economic waste involved in duplicating litigation is obvious."  *Crosley*

12   *Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).  "Litigation of related claims in the

13   same tribunal is [therefore] strongly favored because it facilitates efficient, economical and

14   expeditious pre-trial proceedings and discovery and avoid[s] duplicitous litigation and

15   inconsistent results."  *Amazon.com*, 404 F. Supp. 2d at 1261 (internal quotation marks omitted)

16   (alterations in original).

17        Proceeding in multiple jurisdictions would risk inconsistent rulings on identical issues

18   at virtually every stage of the litigation, including motions to dismiss, class certification,

19   *Daubert* proceedings, summary judgment, trial and any appeals.  For instance, each court

20   would have to decide at the motion to dismiss stage whether plaintiffs' challenges to "natural"

21   labels are barred by the primary jurisdiction doctrine and/or preempted by federal law.  In the

22   unlikely event that the complaints survived motions to dismiss, the different federal courts

23   would also have to undergo the same rigorous analysis of whether to certify the overlapping

24   classes.  Transfer would thus "serve the interest of justice due to the possible consolidation of

25   discovery and the conservation of time, energy and money, and the avoidance of the possibility

26   of inconsistent judgments."  *Hawkins*, 924 F. Supp. 2d at 1214.

27

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    Transfer is also desirable here given the early stage of the litigation in both districts,

2    which allows for efficient consolidation.  *See Amazon.com,* 404 F. Supp. 2d at 1262.  Indeed,

3    "[t]he feasibility of consolidation is a significant factor in a transfer decision."  *A. J. Indus., Inc.*

4    *v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974) (internal

5    citation omitted).

6    As a result, Kinn's "choice of venue is outweighed by the interests of justice."

7    *Heartland Payment Sys.*, 2010 WL 1662478, at *5.  In fact, recognizing that the convenience of

8    the parties and the interests of justice are best served by transfer and consolidation here, the

9    plaintiffs in *Daly*, *Jaffee*, and *Cooper* each stipulated to transfer of their similar actions.  *See*

10    Exhibit 5, Order Transferring Action to the Northern District of Illinois, *Jaffee*, 1:16-cv-21576

11    (S.D. Fla. July 11, 2016); Exhibit 6, Order Transferring Action to the Northern District of

12    Illinois, *Cooper*, No. 3:16-cv-02364 (N.D. Cal. July 13, 2016); Exhibit 7, Order Transferring

13    Action to the Northern District of Illinois, *Daly*, No. 1:16-cv-02155 (E.D.N.Y. July 13, 2016).

14    Although Kinn has refused to do so, the same result should follow by court order here.  Indeed,

15    as the courts facing the nearly identical actions in *Daly*, *Cooper*, and *Jaffee* recognized,

16    "[c]oordination of th[ese] action[s] . . . will likely avoid inconsistent legal and factual rulings

17    and conserve the courts' and the parties' resources."  *See*, *e.g.*, Exhibit 7, Daly Order at 1.

18    "Transfer of th[is] action," like these other cases, "to the Northern District of Illinois is

19    therefore appropriate under 28 U.S.C. § 1404(a)."  *Id.*

20    **C.      In The Alternative, The Court Should Stay This Action.**

21    If the Court does not transfer this action, Quaker respectfully requests that it at a

22    minimum stay the case pending resolution of the consolidated proceedings in *Gibson*.  "The

23    Court has inherent powers to control its docket and to promote the efficient use of resources for

24    itself and the parties."  *In re HQ Sustainable Mar. Indus., Inc., Derivative Litig.*, 826 F. Supp.

25    2d 1256, 1263 (W.D. Wash. 2011) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

26    "Whether a court should exercise its broad discretion to stay a case depends on the balance of

27    benefits and harms that may arise."  *Id.*

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  The benefits of staying this action pending the outcome of the consolidated litigation in

2  *Gibson* "outweigh any hardship to plaintiff" and would "promote the orderly disposition" of

3  overlapping issues and class actions.  *See id.*  "Given the similarity of the claims, the

4  [consolidated] proceedings will simplify questions such as whether federal regulations leave

5  room for [the] state[-]law claims challenging Quaker's alleged misleading labeling practices"

6  and "will prevent unnecessary duplication of . . . the underlying substantive questions regarding

7  the viability of the plaintiffs' state-law claims." *Askin v. Quaker Oats Co.,* No. 11 CV 111,

8  2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012).  As a result, if this Court declines to transfer

9  this case to the Northern District of Illinois, it should stay these proceedings pending the

10 outcome of *Gibson*.

## CONCLUSION

12 For the foregoing reasons and because "simultaneous adjudication of [these] cases

13 would waste judicial resources, multiply the proceedings, undermine judicial efficiency, and

14 risk conflicting determinations of the parties' legal rights," Quaker respectfully requests that

15 the Court transfer this action to the Northern District of Illinois under the first-to-file rule and

16 28 U.S.C. § 1404(a).  *eNom*, 2008 WL 4933976, at *2.  In the alternative, Quaker requests a

17 stay of this action pending the outcome of the consolidated proceedings in *Gibson*.

18   DATED: August 23, 2016.         Respectfully submitted,

19

20                                  DAVIS WRIGHT TREMAINE LLP

21                                  By *s/ Mark N. Bartlett*
                                        Mark N. Bartlett, WSBA #15672
22                                      1201 Third Avenue, Suite 2200
                                        Seattle, Washington 98101-3045
23                                      Telephone: (206) 622-3150
                                        Email: markbartlett@dwt.com
24

25

26

27

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 11

1

GIBSON, DUNN & CRUTCHER LLP

2
    Andrew S. Tulumello (*pro-hac vice*
      *forthcoming*)

3
    Jason R. Meltzer (*pro-hac vice forthcoming*)
    1050 Connecticut Ave., N.W.

4
    Washington, D.C. 20036
    Telephone: (202) 955-8500

5
    Fax: (202) 467-0539
    Email: ATulumello@gibsondunn.com

6
    Email: JMeltzer@gibsondunn.com

7

    *Attorneys for Defendant Quaker Oats Company*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF E-FILING AND E-SERVICE**

I hereby certify that I electronically filed the following using the Court's electronic

filing system and a copy will be delivered to the following as indicated:

Knoll D. Lowney                      ☐ Via Messenger
Claire E. Tonry                      ☐ Via Federal Express
SMITH & LOWNEY, PLLC                 ☒ Via U.S. Mail
2317 East John Street                ☒ Via Electronic Mail
Seattle, Washington 98112
(206) 860-2883
knoll@igc.org
clairet@igc.org


        DATED this 23rd day of August, 2016.



                              By *s/ Mark N. Bartlett*
                                 Mark N. Bartlett, WSBA #15672

QUAKER OATS COMPANY'S MOTION TO TRANSFER
(2:16-cv-1262-RSL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax